```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF INDIANA
                            SOUTH BEND DIVISION

GERALD CLARK,                       )
                                    )
       Plaintiff,                   )
                                    )
vs.                                 )      CAUSE NO. 3:13-CV-209
                                    )
STATE OF INDIANA, et al.,           )
                                    )
       Defendants.                  )
```

## OPINION AND ORDER

Gerald Clark, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983. (DE # 3.) For the reasons set forth below, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Clark filed this action on March 15, 2013. (DE # 1.) His original complaint was stricken due to numerous deficiencies. (DE # 2.) On April 17, 2013, he filed an amended complaint. (DE # 3.)

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03

(7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, a *pro se* complaint must be liberally construed, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The amended complaint, like the original, is not a model of clarity, but it is clear that Clark is complaining about a state criminal case in which he was convicted of criminal recklessness and other offenses. He sues four different attorneys appointed to represent him during the course of the criminal proceedings, claiming that their failure to provide effective assistance resulted in his wrongful conviction. He also sues the prosecutor, asserting that he improperly charged him with offenses based on items found during a search of a residence where Clark claims he was only visiting. He also sues the State of Indiana, as well as an attorney from the Indiana Supreme Court Disciplinary Commission, who allegedly mishandled his complaints about the attorneys involved in his criminal case.

These claims cannot proceed. Clark cannot sue his appointed attorneys for constitutional violations, because they are not state actors. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

defendant in a criminal proceeding."). To the extent Clark is seeking an order declaring that his Sixth Amendment rights were violated in the criminal case, such that his conviction was unlawful, he can only pursue this relief in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

The prosecutor cannot be sued for damages based on his decision to pursue charges against Clark, or to present certain evidence in support of the government's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). To the extent there is any claim against the prosecutor that survives prosecutorial immunity, it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) in any event. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. Therefore, unless Clark's conviction is vacated, set aside, or otherwise called into question, he cannot pursue a claim for damages for wrongful prosecution.

The State of Indiana is entitled to Eleventh Amendment immunity, as is the Indiana Supreme Court Disciplinary Commission

and its employee, Michael Witte, to the extent Clark is suing him in his official capacity. *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 727 (7th Cir. 1999); *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Immunity does not block a damages claim against Witte in his individual capacity, but Clark fails to allege a plausible federal claim against him. Clark claims that Witte failed to comply with the Commission's internal policies and procedures in processing his complaint, but the failure to comply with state law does not give rise to a constitutional violation. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state statutes or administrative regulations).

Clark also complains that Witte's failure to take disciplinary action against his attorneys violated his "constitutional rights to be free from all official misconduct." (DE # 3 at 19.) However, there is no such constitutional right. "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services[.]" *Sandage v. Bd. of Commr's of Vanderburgh County*, 548 F.3d 595, 596 (7th Cir. 2008). Clark cannot raise a

constitutional claim against Witte based on his failure to take disciplinary action against his attorneys, or to otherwise protect him from their alleged wrongdoing. *Id.* at 596-98. Accordingly, this action must be dismissed.

CONCLUSION

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DATED: May 6, 2013                    /s/RUDY LOZANO, Judge
                                      United States District Court